# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:16cv378-FDW

| | |
|---|---|
| **RUSSELL WAYNE STEVENS, Jr.,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **FRANK L. PERRY,** ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon Petitioner Russell Wayne Stevens, Jr.'s pro se Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. (Doc. No. 1).

## I. PROCEDURAL HISTORY

Petitioner is a prisoner of the State of North Carolina who, on May 5, 2008, pled guilty, pursuant to a plea deal, in Cleveland County Superior Court to one count of first degree kidnapping, one count of sale or delivery of a controlled substance to a minor, one count of first degree sexual exploitation of a minor, and one count of taking indecent liberties with child. (State's Resp. to 2016 Cert. Pet. 87, Doc. No. 1-3.)[1] The State dismissed charges of statutory rape of a 13, 14, or 15 year-old by a defendant who is at least six years older, employing or permitting a minor to assist in an obscene exhibit, possession of burglar's tools, speeding, and reckless driving. (Tr. of Plea 11, Pet'r's Ex. 2, Doc. No. 1-3.) The court consolidated judgment for the first three convictions and sentenced Petitioner to 132-168 months in prison. The court

---

[1] Unless otherwise indicated, the procedural history is taken from the State's Response to Petitioner's Petition for Writ of Certiorari filed in the North Carolina Court of Appeals on August 1, 2016. It was attached as an exhibit to the Petition for Writ of Habeas Corpus although it has no exhibit number. It may be found at Doc. No. 1-3, pages 87-94.

1

entered a suspended 21-26 month sentence for the indecent liberties conviction.

Petitioner did not file a direct appeal. On September 28, 2009, he filed a petition for writ of certiorari in the North Carolina Court of Appeals, which was dismissed on October 12, 2009. Thereafter, Petitioner filed numerous Motions for Appropriate Relief ("MARs") in the Cleveland County Superior Court and petitions for writ of certiorari in the North Carolina Court of Appeals, all of which were dismissed or denied.[2] Petitioner's most recent certiorari petition was denied on August 15, 2016. (Order Den. 2016 Cert. Pet. 95, Doc. No. 1-3.)

Petitioner filed the instant § 2254 Petition in this Court on November 10, 2016, when he placed it in the prison mail system. (Pet. 15, Doc. No. 1.) In it, Petitioner claims that the State withheld exculpatory material evidence from the defense, in violation of Brady v. Maryland, 373 U.S. 83, 87 (1963). Specifically, he alleges the State suppressed evidence that the victim had previously made false accusations of sexual assault against at least four other men, and that the victim admitted to the prosecutor "that she had falsely accused [Petitioner]." (Pet. 5.) He also claims that the prosecutor destroyed DNA evidence from the case without notifying him prior to its destruction. (Pet. 5.)

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. In conducting its review under Rule 4, the court "has the

---

[2] Petitioner filed MARs on July 13, 2010, June 1, 2011, October 18, 2011, October 8, 2014, and June 30, 2016. (Order Den. June 30, 2016 MAR 77, Doc. No. 1-3.) Petitioner filed petitions for writ of certiorari on or about November 9, 2009, September 28, 2010, December 19, 2011, and August 1, 2016. (State's Resp. to 2016 Cert. Pet. 88.)

power to raise affirmative defenses sua sponte," including a statute of limitations defense under 28 U.S.C. § 2244(d). Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). The court may dismiss a petition as untimely under Rule 4, however, only if it is clear that the petition is untimely, and the petitioner had notice of the statute of limitations and addressed the issue. Id. at 706–707.

## III. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitations period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

Judgment was entered in this case on May 5, 2008, when Petitioner was sentenced. To the extent Petitioner retained a right to a direct appeal subsequent to his guilty pleas, he had 14 days to file the notice of appeal in the North Carolina Court of Appeals, see N.C. R. App. P. 4(a)(2), which he did not do. Therefore, his conviction became final on or about May 19, 2008, when the time for seeking direct review expired. See § 2244(d)(1)(A).

The federal statute of limitations then ran for 365 days until it finally expired on or about

3

May 19, 2009, more than four months before Petitioner made his first attempt to obtain relief from judgment in the state courts. Thus, absent statutory or equitable tolling, Petitioner's habeas petition is time-barred under § 2244(d)(1)(A).

In addressing the statute of limitations issue, Petitioner provides two reasons why his habeas petition is untimely. The first is based upon his ignorance of the law, including the one-year statute of limitations, refusal of North Carolina Prison Legal Services ("NCPLS") to assist him with his case, failure of his trial attorney to file a notice of appeal on his behalf, and his own functional illiteracy. (Pet. 13-14.)

Equitable tolling of a habeas petition is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted).

An inmate's pro se status, limited education, and ignorance of habeas law do not justify equitable tolling because these deficiencies are not "extraordinary." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Nor is a limited education and ignorance of habeas law necessarily outside the inmate's control. Petitioner's complaint that his trial attorney did not file a requested notice of appeal does not explain why he was unable to file a timely federal habeas petition. In short, Petitioner is not entitled to equitable tolling of the statute of limitations.

Petitioner also makes a non-specific assertion of actual innocence (Pet. 14), which

4

apparently is based upon his claim that the State suppressed material, exculpatory evidence that would have shown he was "falsely accused" (Pet. 5). He does not specify, however, whether he is actually innocent of one or more of the charges to which he pled guilty, one or more of the charges that were dismissed by the State, or all of the charges.

According to Petitioner, he was told by a Cleveland County Detective prior to his arrest in March 2007, that the victim had made false accusations of sexual assault against other men; he states that told his attorney about these accusations but his attorney did not investigate them. (Pet'r's Aff. 27, Pet'r's Ex. 5, Doc. No. 1-3.) Also according to his affidavit, Petitioner spoke to the victim by phone in June or July, 2008, after he had begun serving his sentence. (Pet'r's Aff. 27.) He states the victim told him that before Petitioner entered his guilty plea, she told the prosecutor she would not testify against Petitioner because he had not sold or provided her drugs nor had sex with her and that she had only told detectives that he had because she was high on drugs when she talked to them. (Pet'r's Aff. 27.) The latter allegation about the victim is supported by an affidavit signed by Petitioner's sister on June 2, 2016. (Aff. of Jenny Michelle Steele 18-21, Pet'r's Ex. 4, Doc. No. 1-3.) According to that affidavit, in June or July, 2008, Petitioner's sister heard the victim say she told the prosecutor Petitioner never had sex with her nor gave her drugs. (Steele Aff. 21.) Steele also states that on the same day in June or July, 2008, the victim told Petitioner, by phone, what she had said to the prosecutor. (Steele Aff. 21.)

Under § 2244(d)(1)(D), the statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Id. Assuming, without deciding, that § 2244(d)(1)(D) applies here, the latest date on which Petitioner's statute of limitations would have begun to run for his Brady claim was July 31, 2008. It would have expired on or about July 31, 2009, almost two months

5

before Petitioner took his first action seeking relief in the state courts.

In McQuiggin v. Perkins, the Supreme Court recognized a "miscarriage of justice" exception to § 2244(d)(1)(D). 133 S. Ct. 1924, 1928 (2013). Under this exception, a credible showing of actual innocence may allow a petitioner to pursue his constitutional claims on the merits notwithstanding expiration of the statute of limitations. Id. at 1931. A "credible showing of actual innocence" requires a petitioner to "persuade[ ] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)) (internal quotation marks omitted). "To be credible, such a claim requires [the] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324.

The credibility of Petitioner's assertion of actual innocence is immediately undermined by his guilty plea, which required him to affirmatively acknowledge that he was, in fact, guilty of the four charges to which he pled. (Tr, of Plea 9, Pet'r's Ex. 2, Doc. No. 1-3.) Moreover, according to his own affidavit, Petitioner pled guilty after having been told by a detective that the victim previously had falsely accused four men of sexual assault. (Pet'r's Aff. 27.) Therefore, this "evidence" is not "new." Furthermore, he fails to address other evidence that would have factored into his decision to plead guilty, including a Cleveland County Sheriff's Department Investigative Report and a Search Warrant Application in which investigators state that Petitioner admitted having consensual sex with the 15 year-old victim. (Inv. Rpt. of T.O. Curry 31, Pet'r's Ex. 7, Doc. No. 1-3; Search Warrant Appl. 32, Doc. No. 1-3.)

The credibility of the information about the victim is further suspect because its only

6

sources are Petitioner and his sister. See Schlup, 513 U.S. at 332 ("A court may consider how . . . the likely credibility of [a petitioner's] affiants bear on the probable reliability of . . . evidence [of actual innocence]."). More importantly, however, Petitioner fails to explain why it took him eight years to bring this "evidence" about the victim to light.

"Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing" that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." McQuiggin, 133 S. Ct. at 1935 (citing Schlup, 513 U.S. at 332, 327). Petitioner presented this "new" evidence for the first time in his fifth MAR, filed on June 30, 2016. (Order Den. June 30, 2016 MAR 78, Doc. No. 1-3.) When reviewing the evidence, the Cleveland County Superior Court found that Petitioner had not demonstrated "good cause for failing to address these issues in a previous MAR filing" and concluded that Petitioner had failed to demonstrate that a "miscarriage of justice" had occurred; that is, that it is "more likely than not that, . . . no reasonable juror would have found the Defendant guilty of the crimes to which he has pled guilty" in the light of the new evidence. (Order Den. June 30, 2016 MAR 78.)

This Court agrees. Petitioner filed four MARs in the Cleveland County Superior Court between July 13, 2010, and June 29, 2016. (Order Den. June 30, 2016 MAR 77.) His failure to raise a claim based upon the evidence cited herein in one of those MARs, in combination with the other factors the Court has listed, is fatal to the probable reliability of that evidence. He, therefore, has not made a credible showing of actual innocence. See McQuiggin, 133 S. Ct. at 1928.

IV. CONCLUSION

Petitioner's § 2254 habeas Petition is untimely under § 2244(d)(1)(A) and §

2244(d)(1)(D). He has failed to make the requisite showing to warrant equitable tolling, see Rouse, 339 F.3d at 246, or application of the "miscarriage of justice" exception to the statute of limitations, see McQuiggin, 133 S. Ct. at 1928. Consequently, his habeas Petition shall be dismissed as untimely.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DISMISSED** as untimely; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: January 27, 2017

Frank D. Whitney
Chief United States District Judge